**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3167
_____

AHMAD WILLIAMS,
                              Appellant
v.

EXPERIAN INFORMATION SOLUTIONS, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00918)
District Judge:  Honorable John F. Murphy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 3, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: July 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

Ahmad Williams appeals from an order dismissing his complaint under Fed. R.

Civ. P. 12(b)(6).  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Williams filed suit against Experian Information Solutions, Inc., alleging that it reported inaccurate information on his credit report. But he did not specify how or why any information was inaccurate or even identify the information except to allege that "[t]he inaccurate information includes a credit card account from Pennsylvania State Employees Credit Union [PSECU] that represented a balance and a late payment." (ECF No. 1 at 4 ¶ 6.) Nor did he otherwise explain how Experian acted wrongfully in investigating and reporting the information. Williams nevertheless asserted claims under the Fair Credit Reporting Act and for defamation under Pennsylvania law.

Experian filed a motion under Rule 12(b)(6) to dismiss Williams's complaint in which it argued, inter alia, that his allegations on these points were inadequate. Williams filed a response, and then an unauthorized surreply, in which he did not meaningfully supplement his claims and instead argued that his bare allegations were enough. The District Court disagreed, granted Experian's motion, and dismissed Williams's complaint. The court did so without leave to amend given the "entirely conclusory" nature of Williams's complaint and the fact that he provided no indication in any of his filings that he could cure the deficiencies. Williams appeals.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of the dismissal of Williams's complaint is plenary, but we review the denial of leave to amend for abuse of discretion. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

## II.

Williams raises three arguments on appeal that we will address. Each lacks merit. First, Williams argues that he stated FCRA claims. Like the District Court, we disagree. To state a claim, a plaintiff must allege facts permitting "the reasonable inference that the defendant is liable for the misconduct alleged." Burtch, 662 F.3d at 220 (cleaned up). Conclusory allegations do not suffice, and "a formulaic recitation of the elements of a cause of action will not do." Id. (cleaned up). And although we liberally construe pro se complaints, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

In this case, an element of Williams's FCRA claims was the inclusion in his credit report of information that was "inaccurate." Bibbs v. Trans Union LLC, 43 F.4th 331, 342-44 (3d Cir. 2022). Williams's allegations on that point consist almost entirely of conclusory allegations that Experian included "inaccurate" information in his report. The only exception is his allegation that "[t]he inaccurate information includes a credit card account from [PSECU] that represented a balance and a late payment." But even there Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy.[2]

---

[2] For example, Williams did not specify whether the PSECU account information was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his. Some of his

3

Second, Williams argues that the District Court should have let him amend his complaint. He relies on Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002), in which we explained that courts typically should offer amendment before dismissing a complaint unless amendment would be inequitable or futile. But Grayson was a civil rights case, and that principle applies only in such cases. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007). In non-civil rights cases like this one, a plaintiff who wants to amend must request leave to amend by filing a motion to amend and a proposed amended complaint. See id. at 252; see also LabMD Inc. v. Boback, 47 F.4th 164, 192-93 (3d Cir. 2022); Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 210 (3d Cir. 2019); Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017). Williams did not move for leave to amend or even mention the possibility of amendment in the District Court. Nor has he specified how he could amend his complaint even in his filings on appeal. Thus, we cannot say that the court abused its discretion in dismissing his complaint without leave to amend.

---

assertions in his District Court filings and his opening brief suggest that he might have been claiming that he never made a late payment. But Williams then attached to his reply brief his complaint to the Consumer Financial Protection Bureau about Experian's reporting of the PSECU account. (Appellant's Reply Br. at 41.) In that complaint, he did not mention Experian's reporting of a late payment and instead asserted only that the account was not really his. But Williams does not make that assertion in the reply brief itself, and he never previously made that assertion in any filing in this case. Thus, although we typically do not consider documents submitted for the first time on appeal or issues raised for the first time in reply, we note that the basis for Williams's claims remains unclear even as of the filing of his reply brief on appeal.

Third, Williams argues that he also stated claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law and the Pennsylvania Fair Credit Extension Uniformity Act. Experian argues that he waived these claims by failing to assert them in the District Court, and we conclude that he has forfeited them for that reason. See Montemuro v. Jim Thorpe Area Sch. Dist., 99 F.4th 639, 646 (3d Cir. 2024) (distinguishing waiver and forfeiture). Williams mentioned these statutes in the "preliminary statement" in his complaint, but he did not actually assert claims under these statutes by alleging how Experian violated them. Nor did he mention them in his District Court filings even after Experian argued that he failed to state these claims. In any event, we also agree with Experian that Williams's failure to identify any inaccuracy in his credit report is fatal to these claims too and that he otherwise failed to state them.

## III.

For these reasons, we will affirm the judgment of the District Court. Experian's motion for leave to file a supplemental appendix, which is docketed as a motion to supplement the District Court record, is granted. Williams's motion to strike Experian's supplemental materials is denied.[3]

---

[3] We grant Experian's motion to the extent that we will allow it to file the additional materials it seeks to file. We agree with Williams, however, that these additional materials are not necessary to the resolution of this appeal. Thus, although we are following our usual practice by taxing costs in favor of Experian as the prevailing party, taxable costs shall not include the costs of Experian's supplemental appendix.